·EMMONS v. UNITED STATES.

(Circuit Court, D. Oregon. November 29, 1909.)

No. 1,655.

1. PUBLIC LANDS (§ 106*)—ISSUES OF FACT—RULINGS OF LAND DEPARTMENT.

In passing on matters of fact within the scope of its jurisdiction to hear and determine questions relating to the sale and disposal of public lands, the Land Department acts judicially, and its findings and judgments are as conclusive and binding as the judgments and decrees of courts of general jurisdiction, and are preclusive of the matters adjudicated in all other proceedings.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 301, 302; Dec. Dig. § 106.*

Decisions of Land Department, their conclusiveness and effect, see notes to Hartman v. Warren, 22 C. C. A. 38; Carson City Gold & S. M. Co. v. North Star Min. Co., 28 C. C. A. 344; Uinta Tunnel M. & T. Co. v. Creede & C. C. M. & M. Co., 57 C. C. A. 207.]

2. PUBLIC LANDS (§ 106*)—TIMBER AND STONE ENTRIES—CANCELLATION—GOOD FAITH—FRAUD.

Cancellation of timber and stone entries by the Land Department for fraud on the government was conclusive of such fact, in a suit to recover from the United States the moneys advanced by the entrymen.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 301; Dec. Dig. § 106.*]

3. PUBLIC LANDS (§ 102*)—ENTRY—CANCELLATION—FRAUD—PENALTIES.

Act June 3, 1878, c. 151, 20 Stat. 89 (U. S. Comp. St. 1901, p. 1545), providing for the entry of public lands, requires certain proofs under oath before the applicant will be entitled to the land, and then declares that if any person taking such oath shall swear falsely in the premises he shall be subject to all the pains and penalties of perjury, and shall forfeit the money which he may have paid for the lands, and all right and title to the same, and that any conveyance which he may have made, except in the hands of bona fide purchasers, shall be void. *Held,* that the conditions imposed on the fraudulent claimant, to wit, the pains and penalties of perjury and the forfeiture of money paid, are distinct, and not one dependent on the other, so that it was not essential that fraudulent claimants should have been convicted of perjury before a forfeiture of the moneys paid could be imposed.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 102.*]

4. CONSTITUTIONAL LAW (§ 303*)—DUE PROCESS OF LAW—PUBLIC LANDS— TIMBER AND STONE ENTRY—FORFEITURE—FRAUD.

Hearings before the Land Department in proceedings to cancel timber and stone entries for fraud, and the cancellation thereof, constitute due process of law, so that a claim of forfeiture of money paid, as provided by Act June 3, 1878, c. 151, 20 Stat. 89 (U. S. Comp. St. 1901, p. 1545), in a suit by the entryman's assignee to recover the money from the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

United States, was not objectionable as a taking of property without due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 303.*]

Action by Arthur C. Emmons against the United States. A demurrer to defendant's answer was overruled, and plaintiff applies for a rehearing. Rehearing denied.

Snow & McCamant, for plaintiff.

John McCourt, U. S. Atty.

WOLVERTON, District Judge. This action was instituted to recover back from the United States certain moneys advanced by entrymen Graham, Jones, and Steinhardt for the purchase of timber lands under what is commonly known as the "Timber and Stone Act" of Congress, approved June 3, 1878 (Act June 3, 1878, c. 151, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545]). The entries were canceled by the Commissioner of the General Land Office, and in two instances, upon appeal to the Secretary of the Interior, the rulings of the Commissioner were affirmed. An answer was interposed, whereby it was alleged, in effect, that the cancellations were made upon due hearings had and proofs touching the character of the lands, and the qualifications of the entrymen to make purchase thereof, and proceeded upon the grounds that the entries in each case were not made in good faith, but were fraudulent. Specific matters are stated showing wherein the fraud consisted, but it is unnecessary to set them out in detail. To the answer a demurrer has been interposed, and the question for consideration is whether, under such a state of facts, the plaintiff is entitled to recover.

The question was once passed upon by my predecessor, Hon. C. B. Bellinger, and is now presented upon a rehearing. Incidentally, it is urged that the action does not lie against the government for recovery of the moneys involved. This question has been passed upon in deciding a demurrer to the complaint, and is not presented in any form of pleading at the present hearing.

I am of the opinion that the defense interposed by the answer is a good one. It has become well settled that the Land Department, in passing upon matters of fact, within the scope of its jurisdiction to hear and determine questions relating to the sale and disposal of the public lands, acts judicially, and that its findings and judgments become conclusive and binding, as the judgments and decrees of courts of general jurisdiction are conclusive and final, and are preclusive of the matters adjudicated in all other proceedings. I quote from Smelting Company v. Kemp, 104 U. S. 636, 640, 26 L. Ed. 875:

"In that respect they [the officers of the Land Department] exercise a judicial function, and, therefore, it has been held in various instances by this court that their judgment as to matters of fact, properly determinable by them, is conclusive when brought to notice in a collateral proceeding. Their judgment in such cases is, like that of other special tribunals upon matters within their exclusive jurisdiction, unassailable except by a direct proceeding for its correction or annulment."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The doctrine is again affirmed in its fullest import, in Noble v. Union River Logging Railroad, 147 U. S. 165, 13 Sup. Ct. 271, 37 L. Ed. 123, where numerous authorities are cited in its support. Now, if it be, as is alleged in the answer, that the adjudication of the Land Department in canceling the entries of Graham, Jones, and Steinhardt, proceeded upon the ground that they were obtained, not in good faith, but in fraud of the government, then the judgment of the department is conclusive of the fact, and plaintiff cannot get behind it here. This proceeding is entirely collateral to the proceeding under which it was sought to acquire the title to these lands, and in which the entries were canceled, and hence the regularity of that proceeding cannot be questioned in a cause of this nature.

In further elaboration of the answer, it is specifically stated that testimony was given at the hearing had before the Commissioner of the General Land Office, and that it was shown and adjudged that said lands were not subject to entry under the act; that the parties had never seen the lands, and had no personal knowledge of their character; that the affidavits on which the applications to purchase were based were false; and that in each of said respects each of said applicants had sworn falsely. If these allegations are true, and they must be so taken for the sake of the demurrer, then the cancellations of the entries were made on account of false swearing and fraud upon the part of the entrymen, which has become an adjudicated fact, preclusive of a readjudication in a collateral proceeding.

But it is further contended that no forfeiture of the moneys paid can be adjudged previous to a conviction of the claimant of perjury, and, further, that a declaration of forfeiture, without notice to and a day in court for the claimant upon the precise question, would be tantamount to a taking of property without due process of law. The statute provides that certain proofs shall be made, under oath, before the applicant will be entitled to the land. It then proceeds:

"And if any person taking such oath shall swear falsely in the premises, he shall be subject to all the pains and penalties of perjury, and shall forfeit the money which he may have paid for said lands, and all right and title to the same; and any grant or conveyance which he may have made, except in the hands of bona fide purchasers, shall be null and void." 20 Stat. 89.

Thus are imposed upon the claimant two conditions—the one that he shall be subject to the pains and penalties of perjury, and the other that he shall forfeit the money paid for the lands. Each condition is distinct, and not one dependent upon the other; or the party may suffer the penalty of both conditions. So that the first proposition cannot be maintained.

As to the second proposition, the entryman has his day in court when he appears upon the hearing touching the validity and good faith of his entry. The terms of the statute become both a contract and a law unto him. He proceeds with ample notice that, if he takes a false oath with reference to his entry in the particulars specified by the act, he can obtain neither the land nor his money back. He must proceed with his purchase in absolute good faith. Now, in this case, if the answer be true, the entrymen must purge themselves of the fraud before their assignee will be entitled, under their contract with the gov-

ernment and under the law, to recover back the money advanced. But as to this the judgment of the Land Department stands against the entrymen, and it seems to me that their successor in interest is finally precluded from urging the question further.

The judgment of the court will be the same as upon the former hearing.

